THOMAS SCOTT v. HERBERT WILSON.

[Abstract Kentucky Law Reporter, Vol. 6—308.]

**Party by Intervening Petition.**
    There is no rule of practice that will permit a party whose claim is hostile to that of both the litigants in a suit and who is neither

a tenant in common with either nor a joint owner to come in as a plaintiff with a new and independent cause of action with reference to the same property and require both parties to appear and answer as if he had been the original plaintiff.

## APPEAL FROM LEWIS CIRCUIT COURT.

### October 30, 1884.

OPINION BY JUDGE PRYOR:

The appellant Scott claims his right to the exercise of the ferry franchise under a contract with Herbert Wilson, the father of the appellee. Herbert Wilson and the appellant were litigating this question when the appellee, Herbert Wilson, Jr., a son of the plaintiff in the original action interpleaded or by his petition asked to be made a plaintiff in the action claiming that he was the owner of the ferry privilege and the landing and asked that his right be determined.

He asked to be made a plaintiff in the action when his claim antagonized that of his father as well as of the appellant Scott. This was objected to by the appellant but the court permitted the petition to be filed over his objections, to which he excepted and on the motion of the appellant, time was given him until the first day of the next term of the court to file his answer. This he failed to do and there was a judgment by default against him from which he has appealed. Leave given him to file an answer was not a waiver of his objection to the filing of the petition by the appellee to be made a party plaintiff. It is certain that the litigation between his father and the appellant could not have affected his rights as he was not a party to the action and was claiming his title under one who was as much a stranger to the proceeding as he was. We know of no rule of practice that would permit a party whose claim is hostile to that of both the litigants, in the suit pending and who is neither a tenant in common with the one or the other, nor a joint owner, to come in as plaintiff with a new and independent cause of action with reference to the same property and require both parties to the original controversy to appear and answer as if he had been the original plaintiff. His interest in the subject-matter of litigation might require upon a proper state of case that the court should make him a

defendant and in asserting his claim his pleading might contain such allegations as would constitute it a cross petition requiring service of process on those who had not entered an appearance, by replying to the pleadings or making such objections as would bring them before the court.   In this case the party under whom the appellant claims to have entered was not even a defendant to the action, or petition filed by the appellee and although he is not complaining as a party to this appeal, it shows the anomalous state of the record, and the error in permitting the appellee to prosecute the action as the real plaintiff when his claim was hostile to both the claim of the real plaintiff as well as the defendant.

The court below treated the pleading as an original petition and whether it would require an answer or not if filed as an answer and cross petition is not necessary to determine.   If the appellee chooses to intervene and can assign a sufficient reason for setting up his claim in this particular case he must be made a defendant and the character of his pleading will determine whether an answer is or is not necessary to be filed to it by the parties to the original action. The case was in no preparation for a final judgment and must therefore be *reversed* for further preparation; no judgment in default was proper as the pleadings stood, and the cause is remanded for proceedings consistent with this opinion.

*A. Duvall, John L. Scott, for appellant.*
*Wm. Lindsay, for appellee.*