CASE 79—DIVISION OF LAND—JANUARY 25, 1885.

## McIntire v. McIntire's Ex'r, &c.

APPEAL FROM HARDIN CIRCUIT COURT.

1. An action is brought in the Hardin County Court. under the Civil Code,. chapter 15, title 10, by one joint tenant against another, to have division of a tract of land.

2. The persons who claim under the same title are the only necessary parties.

3. Those claiming adversely are not necessary parties.

JAMES MONTGOMERY for appellant.

The court erred in refusing to permit appellant to file his petition to be made a party to the suit for division of the land, although he did not claim under the same title with appellees. (Civil Code, section 499.).

BUSH & ROBERTSON for appellees..

1. Appellant's claim is adverse to appellees'. There is no means of trying titles in the county court. (Willett v. Froman, 2 J. J. Marshall,. 208.)

2. His petition was not verified.

JUDGE LEWIS delivered the opinion of the court.

This action was instituted in the county court, under chapter 15, title 10, Civil Code, by the executor of one joint tenant against another to have a tract of land held and claimed by them under the same deed divided between them.

In the petition which appellant offered to file, he alleges that neither the testator of the plaintiff nor the defendant ever had a valid title to the land, but the deed under which they claim was fraudulently obtained from his deceased father, and is without consideration and void ; and that he, as heir at law of his father, is the owner, and entitled to one-eighth of the land.

Whether the court erred in overruling appellant's several motions to file his petition to be made a party defendant, and to transfer the action to the circuit court, is the question presented in this appeal.

The object of chapter 15 is to regulate proceedings for the division of land held jointly, and the allotment of dower ; and a person desiring a division may file in the circuit or county court a petition containing a description of the land, and a statement of the names of those having an interest in it. And when, as

required by section 499, all persons interested in the property, who have not united in the petition, shall have been summoned to answer ten days before the commencement of the term, and the written evidence of the title to the land is filed with the petition, the court in which the action is pending is required to appoint commissioners to make the partition.

Section 23 provides that any person may be made a defendant to an action who claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of the question involved in the action.

But that section has no application to an action in the county court for a division of land for the reason that, by section 499, the persons who are required in such cases to be made defendants are specifically mentioned, being those having an interest in the land not adverse to the plaintiff, but a joint interest with him.

No other proceedings are required nor provided for by chapter 15, except such as are necessary to effectuate the division of land held jointly, or to allot dower, as the case may be.

It is true subsection 10, section 499, provides that a party summoned may, by answer, controvert the allegations of the petition and contest the rights claimed therein, and in such case the action may, as authorized by subsection 11, be removed to the circuit court. But as only a party summoned is authorized by that section to file such answer, and only a person having or claiming a joint interest in the land with the plaintiff is required to be summoned, it would seem that a person claiming the land under a different and hostile title

·could not claim as his right to be made a party. It is not necessary to a division of the land amongst those holding it jointly that he should be a party, nor is he bound or his rights at all prejudiced by such division. .Appellant has now, as he had before the judgment for the division was rendered in this case, the right to sue for the land, and, if entitled, to recover in the circuit ·court.

Judgment affirmed.