### Johnson et al. v. Engle et al.

(Decided Oct. 31, 1933.)

(As Extended on Denial of Rehearing Feb. 20, 1934.)

E. E. RICE for appellants.

HUGH RIDDELL for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

D. N. Witt and Callie Witt, husband and wife, were the owners of a tract of land containing 88 acres situated in Estill county, Ky. On the 25th day of May, 1915, they executed, acknowledged, and delivered to C. Marcum and Charles T. Maple, a lease, granting to them

"all the oil and gas on and under it." It vested in the lessees the authority to enter on and remove therefrom the oil and gas for a term of ten years "and as much longer thereafter as oil and gas was found thereon"; also the right to remove at any time "all property, pipes and improvements placed or erected on or upon the land by the lessees." The lease contained a provision that if oil was found in paying quantities, the lessees were to deliver to the lessor, into tanks, or pipe lines, one-eighth part or share of all oils produced on or piped from the premises. It also stipulated that "it shall become null and void and the payments, which shall have been made (by the lessees) to be held by the lessor as the full stipulated damages for the non-fulfillment of the lease," and that the terms and conditions of the lease "should extend, and apply to the heirs, executors, administrators and assigns of the parties" to it. Other provisions of the lease not here involved are set forth in apt language.

In 1920 Witt and wife conveyed by deed, with covenant of general warranty, the tract of land described in the lease, to John Marcum and Clarence Marcum. At the date of this conveyance, the lease of Witt and wife to Marcum and Maple was of record in the office of the clerk of the county court of Estill county. Thereafter, John Marcum and wife, and Clarence Marcum, a single man, conveyed by deed, with covenant of general warranty, the land embraced in the lease to Fred Johnson, the appellant. In neither of these deeds was the oil lease mentioned.

In his petition Johnson sets forth these facts, and alleged that he was the owner of the land covered by the lease, "together with the appurtenances and improvements, and all oils and minerals not heretofore sold by the plaintiffs mesne grantors, Witt and wife, namely, one-eighth of the oil and gas, in, on and underlying the said property." He further charged that Engle, the present owner of the Witt lease, and his predecessors in title have abandoned the leased land and that same is idle, "and had been idle nearly three years"; that there were eleven producing oil wells on it, now producing oil in paying quantities, "provided the lease is properly, and in a workmanlike manner operated," but that the wells were dormant, without proper or any care; that they have been allowed "to

sand up, the pipes and equipment to rust, and salt water and other dangerous agencies have been allowed to smother the wells and stop their productivity'' and that they ''have materially and substantially damaged the property so that same is now in a very deteriorated condition''; that the adjoining lands have been operated and wells drilled thereon within less than 200 feet of the property lines, and other wells have been drilled on a roadway within 5 or 6 feet of the property lines; that these wells are draining the oil from under his land; that ''these acts of Engle and his predecessors in title constitute negligence, and an abandonment of the lease.'' He alleged that the lease was a cloud upon his title, and asserted he was entitled to its cancellation, ''so that he may be able to lease it under favorable terms, to others who will operate the property.''

A demurrer was filed to the petition and sustained. Johnson was permitted to amend. In paragraph one of the amendment he reaffirms the allegations of the original petition, and further alleged that J. E. Riddle owned one thirty-second of the royalty, and that O'Kyle and Mrs. O'Kyle were the owners of a one sixty-fourth working interest, carried as a royalty, and that Engle was the owner of the other fifty-five sixty-fourths working interest, in the lease. He names in the caption of the amendment, himself, Henry Becker, Ray Bigley, Fred Johnson, and E. E. Rice as plaintiffs. In the body of it he avers that these three individuals owned jointly one-sixteenth or one-twelfth of one-eighth of the royalty reserved in the Witt lease. He asked that they be permitted to intervene as necessary parties. He also named in the caption W. H. Cunningham as plaintiff, and stated that he was the owner of a one thirty-second interest of the royalty.

The amended petition contains this language:

''Plaintiff states that since the filing of the original petition herein, namely, on the 8th day of September 1930, the master commissioner of this court, D. N. Witt made, executed and delivered to defendant, I. J. Engle a deed to 55/64 interest in and to the oil and gas lease executed by D. N. Witt and wife mentioned in said original petition covering the lands now owned by plaintiff, Johnson, and described in the said petition; that said defendant, Engle and co-defendants, Q. Kyle and Mrs. O. Kyle

as planitiffs are informed and believe, the full owners of said oil and gas lease in its entirety."

Engle filed a general demurrer and without waiving it, filed an answer. The second paragraph of the amended petition is denominated a reply to Engle's answer, and it is in fact a traverse thereof.

Engle filed a general demurrer to the petition as amended, and also a rejoinder to, the reply. The answer to the amended petition was controverted of record.

On the issues thus made and the evidence adduced, a judgment was entered dismissing the petition with costs. The evidence in behalf of Johnson shows that the land covered by his deed was damaged by the flowing of salt water onto it from tanks and pipes erected under the lease, and that the presence of the pipes and other equipment of the oil wells, in a way interferred with the cultivation of the land.

In neither his original nor amended petition does he attempt to sue for damages to the land. It appears from his amended petition that neither of the parties named with him as plaintiffs has any interest in the claim for damages which he attempted to prove. The proof of such damages without allegations in his original or amended petition setting up damages, does not entitle him to judgment therefor. The statement that evidence establishing a cause of action, does not authorize the rendition of judgment on the evidence without pleading, needs no authority to sustain it. For this reason alone the judgment dismissing the petition as to the claimed damages was proper.

The allegation in the amended petition that Riddle, Becker, Bigley, Rice, and Cunningham own certain interests in the royalty which the lessees by the terms of the lease agreed to pay lessor, are inconsistent with the allegation therein that "Engle and his co-defendants, O. Kyle and Mrs. O. Kyle are the full owners of all of said oil and gas lease in its entirety." We are unable to reconcile these conflicting allegations as to ownership of the royalty. Doubtless the circuit court labored under the same difficulty. Accepting the allegation as it appears in the amended petition, that "Engle and co-defendants, O. Kyle and Mrs. O. Kyle are the full owners of the oil and gas lease in its entirety," it is apparent that the action was not institued by an owner of any

interest whatever in the oil and gas lease sought to be canceled. The petition as amended expressly showing Johnson has no interest whatsoever in the oil lease sought to be canceled, we are unable to divine any reason, nor have we been cited any authority, to sustain the insistence that the owner of the surface who has no interest whatsoever in an oil lease sought to be canceled, has a cause of action for that purpose.

Johnson's amended petition styles itself thus: "Fred Johnson, Henry Becker, Ray Bigley, E. E. Rice, and Walter H. Cunningham vs. J. J. Engle, Mr. and Mrs. O. Kyle, and J. E. Riddle." It reads: "The plaintiff, Fred J. Johnson, without waiving any part of his original petition in equity herein and relying upon same and all of same, together with all the steps and proceedings heretofore taken by him hereunder, hereby amends said amended petition in equity and states;" that "J. E. Riddle owns 1/32 royalty, Mr. and Mrs. Kyle claimed to be owners of 1/64 working interest carried as a royalty * * *;" Henry Becker, Ray Bigley and E. E. Rice state they own jointly 1/16 or 1/12 of the 1/8 royalty * * *; the additional plaintiff, Walter H. Cunningham, is the owner of 1/32 royalty interest in" the lease involved. Following this statement in his amended petitions is his reply to the answer of Engle to his original petition.

The circuit court, we think, correctly construed this amended petition as not bringing before the court the owners of the royalty, designated therein. The royalty owned by the persons named in Johnson's amended petition is hostile to the claim of Johnson that the lease has been abandoned and he is entitled to have it canceled. By his pleading he has placed the owners of the royalty in the attitude of seeking a cancellation of the lease under which their ownership of the royalty exists. If, as alleged in his amended petition, the lease on the ground of abandonment was annulled, as to the seven-eighths interest owned by Engle, it was also ineffective as to the royalty. Section 29 of the Civil Code of Practice expressly provides how a claimant of property involved in an action may be made a party by filing an intervening petition setting up his interest in the property in litigation, and upon being made a party "his petition shall be treated as his answer." The amended petition of Johnson was not a compliance with this Code

provision, as to the parties named by him therein as the owners of the royalty. His amended petition is not susceptible of a construction that it meets the requirements of section 29 of the Code. A party, whose claim is hostile to that of both the plaintiff and the defendant, cannot come in as a plaintiff with a new and independent cause of action with reference to the property in controversy and require both of the original parties to answer to them but upon a properly stated case, the court might make him a defendant. Scott v. Wilson, 6 Ky. Law Rep. 308; McIntire v. McIntire, 82 Ky. 502. This principle controls in the present one. The ownership of Engle of his interest in the lease and that of the owners of the royalty named in the amended petition of Johnson were alike hostile to the relief sought by Johnson; i. e., cancellation on the ground of abandonment. He was without right to join them with him in his amended petition, and his attempt to do so was ineffectual. His right to recovery must be determined on the merits of the claim asserted by him, unaided by his effort on his own accord to join with him the owners of the royalty named in his amended petition. The judgment rendered in no way affects or determines the ownership of the royalty of the parties named in Johnson's amended petition.

It is fairly well shown that those who owned the lease and developed it, for reasons not appearing in the record, ceased to operate it for about $2\frac{1}{2}$ years, and that during this period wells on the adjoining premises were drilled within such a distance of the leased land as to drain the oil from under it. After Engle acquired an interest in the lease and before the deed conveying it to him by the master commissioner was delivered, he went on the leased premises with a view of beginning operation, when Johnson, the owner of the surface of the land, subject to the oil lease, interposed objections and prevented him.

He is here contending that his right to a cancellation is controlled by the principles stated in Monarch Oil & Gas Co. v. Hunt, 193 Ky. 315, 235 S. W. 772; Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698; Dix River Barytes Co. v. Pence (Ky.) 123 S. W. 263; American Wholesale Corporation v. F. & S. Oil & Gas Co., 242 Ky. 356, 46 S. W. (2d) 498.

In each of these cases the contest was between the

lessor and the lessee. The principles therein reiterated and recognized, in effect, were that where an oil or gas lease is abandoned or lost by a failure to comply with the implied covenants, the lessor may take possession of the leased premises, subject to judicial review, or sue for a cancellation or for damages for a breach of covenant, and that notice and demand on the part of the lessor to develop the premises are unnecessary, where the abandonment of the lease may be inferred from the fact the lease had been undeveloped for an unreasonable time.

In the present case there is no contest between the lessor and the lessee or his assigns, nor are their rights thereunder now involved. Here we have a case of a stranger to a lease, occupying the position of a purchaser of the land covered by the lease, with constructive, if not actual, notice, of the existence, terms, and provisions of the lease at the time he acquired title to the surface of the land. The principles enunciated in the cases cited by Johnson have no application whatsoever, and may not be invoked to sustain his cause of action. No ground for a cancellation of the lease appears in the record, and none being presented in Johnson's brief, the judgment of the circuit court being in harmony with our views, it is affirmed.